TRINITY UNIVERSAL INSURANCE
COMPANY, Appellant,

v.

W. F. PATTERSON, d/b/a Patterson
Insurance Agency, Appellee.

No. 1154.

Court of Civil Appeals of Texas,
Tyler.

Aug. 17, 1978.

Gary W. Maxfield, Elliott, Churchill, Hansen, Dyess & Maxfield, Dallas, for appellant.

J. E. Jackson, Carthage, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. Plaintiff, W. A. Patterson, d/b/a Patterson Insurance Agency, brought suit on a sworn account seeking to recover past due insurance premiums against Mrs. F. M. Tindall, individually and as independent executrix of the Estate of F. M. Tindall, deceased, d/b/a A & M Plumbing and Electric Company (A & M Plumbing) and Defendant, Trinity Universal Insurance Company (Trinity Universal). Insofar as Defendant A & M Plumbing is concerned, the record is incomplete and shows only that a summary judgment was entered against it for the sum of $10,042.04 with interest thereon at the rate of 6% per annum from and after January 1, 1964. The judgment recites that the cause against Defendant Trinity Universal was to continue on the docket. A & M Plumbing has not perfected an appeal and as a result the judgment against it became final. Defendant, Trinity Universal, answered the Plaintiff's petition with a general denial and a motion for summary judgment. Thereafter, Plaintiff filed a motion for summary judgment against Trinity Universal. After a hearing on the motions the trial court granted Plaintiff's motion and entered a summary judgment against Trinity Universal for the sum of $18,439.39, reciting that such sum included the "account of $10,042.04 and interest to date of judgment in the amount of $8,397.35." Defendant, Trinity Universal, duly perfected this appeal.

We reverse and remand.

The record reveals that the Plaintiff was in the insurance business and over the years had supplied A & M Plumbing with workmen's compensation and liability insurance on open account. According to the sworn account attached to the Plaintiff's petition, the account was opened on January 1, 1956, and was closed on February 1, 1963. During this period of time more than two hun-

dred debits and credits are shown to have been entered on the account. The sworn account shows that as of February 1, 1963, the balance due and owing to the Plaintiff amounted to $10,042.04. Although the Plaintiff's petition does not allege that Trinity Universal contracted for purchase of any of the insurance policies listed in the account, the affidavit attached to the account is in the conventional form and recites, among other things, that the account is the account of both A & M Plumbing and Trinity Universal and that the same is just and true and that all lawful offsets have been allowed.

Although Plaintiff joined Trinity Universal as a party to the action on sworn account, the real basis of Plaintiff's claim against Trinity Universal arises out of a certain performance and payment bond executed by Trinity Universal guaranteeing payment to all persons who supplied labor, "services," etc., to A & M Plumbing on a subcontract which the latter undertook to perform for Temple Associates, a general contractor engaged in the construction of a building for Texas A & M University. Under the terms of the subcontract A & M Plumbing was required to carry workmen's compensation and liability insurance. Plaintiff alleged that he furnished policies covering A & M Plumbing during the time it performed the subcontract and that the premiums thereon amounted to $10,042.04, which A & M Plumbing failed and refused to pay.

Plaintiff alleged that since Trinity Universal guaranteed payment to all persons furnishing "services" to A & M Plumbing, Trinity Universal became liable to him for the "services" he performed in furnishing the insurance policies to A & M Plumbing during the time it attempted to perform the subcontract.

The evidence shows that A & M Plumbing defaulted on its subcontract prior to completion and it became necessary for Trinity Universal to complete the job in accordance with its performance bond issued to Temple Associates, the general contractor.

■ Under the first point of error, Trinity Universal contends that the trial court erred in granting Plaintiff a summary judgment because Plaintiff's summary judgment proof failed to establish as a matter of law, insofar as Defendant is concerned, the genuineness of the sworn account or the amount thereof. We sustain this contention.

Apparently, the trial court construed the Plaintiff's cause of action against Trinity Universal as a suit on a sworn account since the judgment recites ". . . that the sworn account contained in Plaintiff's pleadings has not been denied under oath . . . .."

The sworn account attached to Plaintiff's petition was directed only to A & M Plumbing Company. Although the affidavit attached to the account recites that the attached account was against both Trinity Universal and A & M Plumbing, the pleadings, as well as the plaintiff's brief, make it clear that Trinity Universal had no contractual relationship with the Plaintiff in purchasing the insurance policies. The record clearly shows that the contract for the insurance policies was between Plaintiff and A & M Plumbing. Therefore, no debtor-creditor relationship existed between Plaintiff and Trinity Universal. Thus, even though the account was verified, it was hearsay as to Trinity Universal which was a stranger to the transaction between the Plaintiff and A & M Plumbing. *McCamant v. Batsell*, 59 Tex. 363 (1883); *Nichols v. Acers Company*, 415 S.W.2d 683 (Tex.Civ. App.—Austin 1967, writ ref'd n. r. e.). Inasmuch as Trinity Universal was a stranger to the transaction between Plaintiff and A & M Plumbing, Trinity Universal was not obligated to file a written denial under oath. *Robertson v. Rexall Drug and Chemical Company*, 410 S.W.2d 200 (Tex.Civ.App.—Fort Worth 1966, no writ history); *Nichols v. Acers Company*, supra; *Copeland v. Hunt*, 434 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.); 1 Tex.Jur.2d Accounts & Accounting sec. 71, p. 321, Upon applying the foregoing rules of law, it becomes obvious that the summary judg-

ment proof fails to establish a cause of action against Trinity Universal upon a sworn account. It therefore follows that the trial court was not authorized to render a summary judgment against Trinity Universal on this theory.

Under the second point, Trinity Universal contends that the trial court erred in granting plaintiff a summary judgment since Plaintiff's proof failed to establish, as a matter of law, that the alleged insurance services were furnished to A & M Plumbing in connection with its subcontract. As we view the record, the contention must be sustained.

█ In moving for summary judgment, Plaintiff assumed the burden of establishing that there was no genuine issue as to any material fact and that he was entitled to a judgment as a matter of law. Rule 166–A(c), Tex.R.Civ.P.; *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex. 1970).

█ Trinity Universal admitted in its pleadings that it issued the performance bond and acted as surety for A & M Plumbing on the subcontract. In order for the Plaintiff to establish liability against Trinity Universal upon its performance bond, the Plaintiff had the burden of establishing by summary judgment proof that (1) A & M Plumbing contracted to purchase the insurance policies alleged in his petition, (2) such policies were used exclusively by A & M Plumbing for insurance coverage on the subcontract in question, and (3) the amount of premiums charged therefor were by agreement or such charges were the customary and reasonable charges for such policies. *Blue Bell, Inc. v. Isbell,* 545 S.W.2d 563 (Tex.Civ.App.—El Paso 1976, no writ history). Since the Plaintiff's suit on sworn account was not applicable to Trinity Universal, Plaintiff had the burden of establishing the account at common law.

At the time of the hearing, the trial court had before it Plaintiff's petition on sworn account; Defendant's answer and motion for summary judgment; Plaintiff's sworn motion for summary judgment and a deposition given by Henry Yates, Defendant's claims supervisor. The record contains no independent affidavit or deposition testimony either by the Plaintiff or any other person acting in his behalf.

█ In our view the record contains no summary judgment evidence establishing the foregoing elements of proof necessary to establish a cause of action against Defendant. Contrary to Plaintiff's contention, we do not believe that, as between Plaintiff and Trinity Universal, Plaintiff's suit on the sworn account constitutes any summary judgment proof in support of Plaintiff's claim against Trinity Universal. Insofar as Trinity Universal is concerned, the Plaintiff's sworn account is hearsay and therefore is of no probative force.

█ Plaintiff argues that his sworn motion for summary judgment constitutes summary judgment proof that A & M contracted for the policies in question. We do not agree. In summary judgment proceedings the trial is conducted on independently produced proofs, such as admissions, affidavits and depositions. *Hidalgo v. Surety Savings & Loan Association,* 462 S.W.2d 540 (Tex.1971); *Richards v. Allen,* 402 S.W.2d 158 (Tex.1966). Pleadings, even if sworn, do not constitute competent summary judgment evidence. *Hidalgo v. Surety Savings & Loan Association,* supra. The same rule applies to a motion for summary judgment. *Perry v. Great Southern Life Insurance Company,* 492 S.W.2d 352 (Tex.Civ.App.— Houston [1st Dist.] 1972, no writ history). Even if it could be considered competent summary judgment proof, we find no statement in the motion showing that A & M Plumbing contracted for the nine policies described in Plaintiff's pleadings.

█ Plaintiff further argues that summary judgment proof may be found in the deposition testimony of Henry Yates, claims examiner for Trinity Universal. Mr. Yates testified that when A & M Plumbing began having financial difficulties, he requested that he be furnished with copies of the monthly bills. Among these bills, he testified, he found a bill from Patterson Insur-

ance Agency. Nowhere in his testimony, however, did he describe what policies were covered by the bill, nor did he state the amount of the bill. While it can be gathered from his testimony that the bills showed that the Plaintiff was asserting a claim against A & M Plumbing, his testimony fails to constitute any summary judgment proof showing that A & M contracted for the nine policies of insurance on which Plaintiff seeks to recover unpaid premiums.

■ Even if the deposition testimony of Mr. Yates were sufficient to constitute summary judgment proof that A & M contracted for the nine policies, there is nothing in his testimony or in any of the other summary judgment evidence showing that the policies in question were utilized solely in connection with the subcontract on which Trinity Universal acted as surety. Further, there is no summary judgment proof whatever showing that the premiums charged by the Plaintiff on the policies in question were agreed upon or were the reasonable and customary charges for such policies.

■ Finally, Plaintiff argues that the summary judgment must be sustained because Trinity Universal offered no summary judgment proof in rebuttal. We cannot agree with this proposition. In our summary judgment practice, the opponent's silence never improves the quality of a movant's evidence. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). Since Plaintiff's summary judgment proof failed to establish several of the essential elements of his cause of action, defendant was not obligated to offer summary judgment proof in rebuttal. 4 McDonald, Texas Civil Practice, sec. 17.26.8, p. 155.

For the reasons stated, the judgment is reversed and the cause is remanded for a trial on the merits.