Judith Kay CLENDENNEN, individually and as Next Friend of April Nicole Morgan and Annaleia Rae Clendennen, Minors, Appellant,

v.

Benjamin J. WILLIAMS, M.D., M.K. DOUGHERTY, M.D. and Associates, and McCuistion Regional Medical Center, Appellees.

No. 06–94–00103–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 10, 1995.

Decided Feb. 8, 1995.

Order Overruling Rehearing March 15, 1995.

Walter J. Kronzer, III, Abraham, Watkins, Nichols, Ballard & Friend, Houston, for appellant.

Charles T. Frazier, Jr., Cowles & Thompson, Dallas, for appellee McCuistion.

David McCue, McCue & Lee, Dallas, for appellees Williams & Dougherty.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Judith Kay Clendennen appeals from a take-nothing summary judgment in her medical malpractice suit against Benjamin Williams, M.D.; M.K. Dougherty, M.D. and Associates; and McCuistion Regional Medical Center. For the reasons stated hereafter, we affirm the judgment.

Judith Kay Clendennen, individually and as next friend of April Nicole Morgan and Annaleia Rae Clendennen, minors, filed this suit to recover damages resulting from alleged medical malpractice. Williams was a consulting pathologist who examined tissue samples taken from Clendennen's knee when she had arthroscopic surgery for sclerosis of her left knee. About six months later, doctors discovered a cancer and amputated Clendennen's leg. Clendennen alleged that Williams was negligent in not discovering signs of the cancer in the tissue samples. She also sought damages from M.K. Dougherty, M.D. and Associates, who employed Williams. She alleged negligence against McCuistion Regional Medical Center because it granted hospital privileges to Williams, and against Dougherty and Associates because it failed to supervise Williams.

Williams and Dougherty filed a motion for summary judgment on the ground that Williams was not negligent. McCuistion Regional Medical Center filed a motion for sum-

mary judgment on grounds that it was not negligent in granting hospital privileges to Williams and that, because Williams was not negligent, his actions were not the producing cause of Clendennen's injuries. The trial court originally set the hearing on the motions for April 4, but later reset it for April 11, a Monday. Clendennen mailed her response to the motions on April 4. The district clerk received the response on April 6. The judgment granting the summary judgment motions was signed on April 21. The court in its order said it had not considered Clendennen's response because it was not timely filed.

Clendennen contends that the trial court erred in granting the summary judgment motions without considering her response because the response was timely filed.

■■■ In a summary judgment proceeding, the adverse party may file and serve opposing affidavits or other written response not later than seven days before the hearing day. TEX.R.CIV.P. 166a(c). A document sent to the clerk by first-class United States mail in an envelope properly addressed and stamped and deposited in the mail on or before the last day for filing is deemed timely filed if it is received by the clerk not more than ten days after the due date. TEX. R.CIV.P. 5. The rule applies to a response to a summary judgment motion. *E.B. Smith Co. v. United States Fidelity & Guaranty,* 850 S.W.2d 621, 623 (Tex.App.—Corpus Christi 1993, writ denied). Clendennen filed her response on April 4 for an April 11 hearing. This is within the time limit set out in Rules 5 and 166a(c), so the response was timely and should have been considered.

The appellees argue that, since TEX. R.CIV.P. 166a specifically governs summary judgment practice, Rule 5 cannot apply to responses to summary judgment motions. We disagree. The Supreme Court has held that other rules modifying the times for filings apply to the requirements of Rule 166a. *Lewis v. Blake,* 876 S.W.2d 314 (Tex.1994). The case of *E.B. Smith Co. v. United States Fidelity & Guaranty, supra,* specifically so held with regard to Rule 5. Appellees also argue that rules modifying filing times apply only to the number of days *after* an event

and not to days *before* an event. We have expressly held otherwise in *Hammonds v. Thomas,* 770 S.W.2d 1 (Tex.App.—Texarkana 1989, no writ), and the Supreme Court has approved that holding. *See Lewis v. Blake,* 876 S.W.2d at 316.

Although the court erred in not considering Clendennen's response, the error does not require reversal.

The appellees correctly point out that, even if the court considered the response, the result would not have been different because the summary judgment response failed to raise any fact issue or any defect in the appellees' summary judgment evidence.

■■■ A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). For a defendant to be entitled to summary judgment, the summary judgment evidence must conclusively negate one or more essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). In deciding whether a material fact issue precludes summary judgment, the court will take as true any evidence favoring the nonmovant and resolve any doubts and every reasonable inference in the nonmovant's favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985). An unsworn affidavit is not competent summary judgment proof and is subject to being stricken. *See De Los Santos v. Southwest Texas Methodist Hosp.,* 802 S.W.2d 749, 755 (Tex.App.—San Antonio 1990, no writ).

■■■ Williams's summary judgment proof includes his affidavit in which he describes his education and training, describes his actions in connection with examining the tissue, says he is familiar with the standard of care, and that he followed that standard. McCuistion's summary judgment proof includes the same affidavit.

Clendennen's summary judgment evidence in response includes an affidavit by Clendennen's counsel attesting to the truth and cor-

rectness of the attached documents, including: (1) Clendennen's second amended petition, (2) the deposition of McCuistion's custodian of records, and (3) Williams's deposition. Attached to the response are the medical records, the deposition, and a statement signed by Lachlan Macleay, M.D., Clendennen's expert.

 On Macleay's statement, the notary's certificate is left blank and is not signed by the notary. It bears no seal. Because Macleay's statement is not verified, it is not an affidavit at all and does not constitute competent summary judgment proof. *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970) (distinguishing *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962)); *Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887, 889 (Tex.App.—Houston [1st Dist.] 1987, no writ). The absence of a jurat is a substantive defect rather than a defect of form, and it renders the statement incompetent as summary judgment evidence. *Perkins v. Crittenden, supra.*

 The remaining proof, the medical records and Williams's deposition, does not raise a fact issue. The petition, even though sworn, is not competent summary judgment evidence. *Trinity Universal Ins. Co. v. Patterson*, 570 S.W.2d 475, 478 (Tex.Civ.App.—Tyler 1978, no writ). Although Clendennen argues that Williams's deposition raises a fact issue, she does not cite us a portion of the deposition that raises such an issue.

Williams's proof has disproved negligence, an essential element of Clendennen's cause of action. Clendennen's claims against Dougherty & Associates are based on vicarious liability, so Williams's judgment absolves it from liability.

In connection with McCuistion's motion, Clendennen's response raises no fact issue about the hospital's negligence in granting Williams hospital privileges. Because the summary judgment proof shows that Williams was not negligent, his actions were not a producing cause of Clendennen's injuries and so the hospital would have met its summary judgment burden had the trial court considered the response.

Thus, even though the trial court should have considered Clendennen's response, Clendennen's appeal must fail because she must prove not only that the trial court erred but that the error resulted in an improper judgment. TEX.R.APP.P. 81(b). Here, the trial court would be required to arrive at the same judgment even after considering Clendennen's proof.

The judgment is affirmed.

## ON MOTION FOR REHEARING

In her motion for rehearing Clendennen contends that we erred in affirming the summary judgment because both the trial court and this court failed to consider her request for a continuance for the purpose of amending her defective response to the motions for summary judgment.

 Clendennen, however, did not raise or argue this contention in her brief in this appeal. Moreover, if a defect in a summary judgment affidavit is one of substance, as it is in this case, the court is not required to provide an opportunity to amend it. *Bell v. Moores*, 832 S.W.2d 749, 755 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *De los Santos v. Southwest Texas Methodist Hosp.*, 802 S.W.2d 749 (Tex.App.—San Antonio 1990, no writ); *see also Elam v. Yale Clinic*, 783 S.W.2d 638, 643 (Tex.App.—Houston [14th Dist.] 1989, no writ).

The motion for rehearing is overruled.