**Billy Joe HOLMES, Appellant,**

v.

**OTTAWA TRUCK, INC., Appellee.**

**No. 08–96–00290–CV.**

Court of Appeals of Texas, El Paso.

Nov. 20, 1997.

Rehearing Overruled Jan. 20, 1998.

---

Rodrigo V. Ramos, El Paso, Jeff Pownell, Houston, for Appellant.

Larry W. Hicks, Hadley A. Huchton, Hicks & Lucky, P.C., El Paso, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from the granting of a summary judgment. We reverse the judgment of the trial court and remand the cause to the trial court for proceedings not inconsistent with this opinion.

## I. SUMMARY OF THE EVIDENCE

### A. Procedural History

Appellant-Plaintiff, Billy Joe Holmes, filed his lawsuit against Southern Pacific Transportation Company and Ottawa Truck, Inc. on January 10, 1995. Appellee–Defendant Ottawa Truck filed its Original Answer on March 3, 1995. On January 30, 1996, Ottawa filed its Motion for Summary Judgment and Supporting Brief, wherein Ottawa claimed an entitlement to summary judgment because the injury-causing truck was not manufactured by Ottawa. On February 21, 1996, Holmes filed a Motion for Continuance of Summary Judgment, which was denied by the trial court. Holmes then mailed Plaintiff's Response and Opposition to Defendant Ottawa Truck's Motion for Summary Judgment, Plaintiff's Objection to Defendant Ottawa Truck's Motion for Summary Judgment, and Motion for Leave to File Plaintiff's Objections to Defendant's Motion for Summary Judgment on February 22, 1996. These motions were file stamped as received on February 23, 1996. The issue before us arose when Ottawa filed its Objection to Plaintiff's Response to Motion for Summary Judgment, wherein Ottawa argued that Holmes' Response was not timely served and thus could not be considered. On March 6, 1996, the trial court granted Ottawa's Motion for Summary Judgment. On April 8, 1996, the trial court granted Ottawa's Motion for Severance. The court denied Holmes's Motion for New Trial on June 28, 1996. This appeal followed.

### B. Factual History

Billy Joe Holmes claims he was injured while operating a fifth wheel yard truck, allegedly manufactured by Ottawa Truck, Inc., in the loading yard of Southern Pacific Transportation Company. He contends that while traveling through the loading yard, the truck hit a large pothole, which caused the truck to bounce up and down, and because the air seat on the truck was not properly functioning, he was injured. Holmes sued in strict liability, claiming that the truck was unreasonably and dangerously maintained, designed, manufactured, marketed, tested, and assembled. Holmes further alleged that Ottawa failed to provide adequate warnings and advise potential buyers and consumers of the hazards in operating the truck. Holmes also sued in negligence, gross negligence, and for breach of warranty of merchantability.

## II. DISCUSSION

Holmes attacks the granting of summary judgment by eight points of error. We begin

with a discussion of the traditional standard of review for summary judgments.

## A. Standard of Review

The standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466, 469 (Tex.App.—El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors*, 450 S.W.2d 827, 828 (Tex.1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon*, 690 S.W.2d at 548–49; *DeLuna v. Guynes Printing Co.*, 884 S.W.2d 206, 208 (Tex.App.—El Paso 1994, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *Perez*, 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983); *Cortez*, 885 S.W.2d at 469.

### 1. Timeliness of Service of Summary Judgment Response

■ Holmes alleges in Point of Error No. Six that the trial court erred in granting summary judgment because the court should have considered his affidavit. The record demonstrates that Holmes mailed his Response and Opposition to the Defendant's

Summary Judgment on February 22, 1997, seven days prior to the hearing date. The motions were file stamped on February 23, 1997.[1] Ottawa argues that Holmes failed to timely serve these motions and thus should not be considered. Holmes counters by stating that they were timely filed **and** served when sent to the proper clerk by first-class United States mail on the last day for filing and received by the clerk not more than ten days tardily. For the reasons set forth below, we agree with Holmes.

Tex.R.Civ.P. 21a provides:

**Service by mail shall be complete upon deposit of the paper, enclosed in a post-paid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service....** Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served by mail or by telephonic document transfer, three days shall be added to the prescribed period.... [Emphasis supplied].

Tex.R.Civ.P. 166a(c) provides:

Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file **and** serve opposing affidavits or other written response.... [Emphasis supplied].

Ottawa argues that *Lewis v. Blake*, 876 S.W.2d 314 (Tex.1994) is controlling. In *Lewis*, the issue was when a motion for summary judgment is served by mail, whether Tex.R.Civ.P. 21a requires the addition of three days to the 21-day notice period of the hearing as required by Tex.R.Civ.P. 166a(c). In *Lewis*, the defendants mailed their motion for summary judgment on June 21, 1991. *Id.* at 315. The hearing was set for July 15, 1991. *Id.* Blake moved for a continuance because the defendants failed to give requisite notice. *Id.* The trial court denied Blake's continuance and granted summary judgment. *Id.* Blake argued that "[t]he effect of Rule 21a is to require that a summary

---

1. The parties concede that the Response and Opposition to the Defendant's Summary Judgment was timely filed. There is obvious dis-

agreement whether the response was timely filed and served, as required by Tex.R.Civ.P. 166a(c).

judgment motion be served by mail at least 24 days before the hearing." *Id.* The defendants argued that "the effect of Rule 21a is to allow a party to respond to a summary judgment motion served by mail on the fourth day before the hearing, rather than the seventh as required by Rule 166a(c)." *Id.*

In construing Rule 21a and Rule 166a(c), the Texas Supreme Court held that the non-movant's "right under Rule 166a(c) is to have minimum notice of the hearing. Rule 21a extends that minimum notice by three days when the motion is served by mail." *Id.* We note however, that in *Lewis*, the court was addressing the non-movant's right to notice of the hearing, rather than the nonmovant's time for response. On appeal, Ottawa correctly points out that Texas courts have "never expressly stated that a response served by mail must be served ten days before the hearing...." Nonetheless, Ottawa asks this Court to extend the same rationale to the timetable for filing a response. We decline.

 We find Rule 21a to be neither vague nor ambiguous, but rather seriously lacking in harmony with TEX.R.CIV.P. 166a(c). While Rule 21a clearly states that service, and thus notice, by mail shall be complete upon delivery of the document in the mail, the rule further extends the minimum notice by three days whenever a party has the right or is required to do some act within a prescribed period after the service of such notice by mail. Such clearly is the case as in the service of a motion for summary judgment, since established rules of procedure contemplate that a response be filed and served within a prescribed period of time. *See* TEX.R.CIV.P. 166a, 21a. The movant however, is not necessarily required to do some act after receipt of the non-movant's response, but may find an act necessary un-

der a limited set of circumstances, to object in writing in order to preserve issues for possible appellate review. It is clear that "[t]he trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient.... Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979).

Of greater concern however, is that any purported extension of the rule set forth in *Lewis* to summary judgment **responses** would be inconsistent with the rules of civil procedure as a whole. Absent the rule being vague and ambiguous, we readily acknowledge the responsibility of the Texas Supreme Court to promulgate rules of procedure. We necessarily decline Appellee's invitation to rewrite that clear portion of Rule 21a to afford the right under Rule 166a(c) to have minimum notice of the response. Rule 166a clearly states that the non-movant may "file and serve" not later than seven days prior to the day of the hearing. For this Court to adopt the rationale set forth in *Lewis* for summary judgment **responses,** we would, in essence, be setting different timetables for filing and serving, a procedure not contemplated under a simple reading of Rule 166a(c). Further, in adopting that rationale, a non-movant would be required to serve its response on the movant ten days prior to the hearing, if service was via mail, but yet could timely file a response with the clerk seven days prior to the hearing via mail. To create different deadlines for filing and serving would be inconsistent with the express terms of both Rules 21a and 166a(c).[2] Appellant's Point of Error No. Six is sustained.

**2.** We are not unmindful of *Clendennen v. Williams,* 896 S.W.2d 257 (Tex.App.—Texarkana 1995, no writ), but note that that court was tasked with interpreting TEX.R.CIV.P. 5, rather than 21a. *Clendennen* involved a suit against several doctors and a hospital for malpractice. *Id.* at 258. Summary judgment was granted in favor of the defendants because the trial court did not consider Clendennen's summary judg-

ment response due to its untimely filing. *Id.* at 259. Clendennen argued that her response was timely filed since it was mailed on April 4 and the hearing was set for April 11. *Id.* The defendants argued "that since TEX.R.CIV.P. 166a specifically governs summary judgment practice, Rule 5 cannot apply to responses to summary judgment motions." *Id.*

Having sustained Point of Error No. Six, we find we need not address the remaining points of error. We reverse the judgment of the trial court granting summary judgment and remand the cause for proceedings not inconsistent with this opinion.[3]

The appellate court held that Tex.R.Civ.P. 5 did apply to a response to a summary judgment motion and since Clendennen mailed her response seven days before the hearing, it was within the time limit set out in Rules 5 and 166a(c) and should have been considered. *Id.* However, the court noted that although the trial court erred in not considering the response, the error did not require reversal because Clendennen's response failed to raise any fact issue or any defect in the defendant's summary judgment evidence. *Id.*

---

3. In sustaining Point of Error No. Six, we conclude that the trial court erred in not considering the Plaintiff's Response and Opposition to the Defendant's Summary Judgment. We need not address any remaining points insofar we anticipate that the trial court, on remand, will consider the response and rule on any new motions in light of that response.