**Joseph M. SPIECKER and Legal Presentations, Ltd., Appellants,**

v.

**Kip PETROFF, Kip Petroff P.C., Judson Francis, Jr., and Francis & Cross, P.C., Appellees.**

No. 05–96–00957–CV.

Court of Appeals of Texas, Dallas.

Dec. 11, 1997.

Laurence A. DePlaza, Loughmiller & De-plaza, Dallas, for Appellants.

Hollye C. Fisk, Fisk & Fielder, P.C., Robert C. Cox, Dallas, for Appellees.

Before CHAPMAN, JAMES and BRIDGES, JJ.

## OPINION

JAMES, Justice.

Joseph M. Spiecker and Legal Presentations, Ltd. (Spiecker) appeal a summary judgment granted to Kip Petroff and Kip Petroff, P.C. (Petroff), and Judson Francis, Jr. and Francis & Cross, P.C. (Francis).[1] In six points of error, Spiecker generally complains the trial court erred in shortening the deadline for responding to requests for admission from thirty days, as provided by rule 169 of the Texas Rules of Civil Procedure, to fourteen days. As a result of this change, Spiecker argues the trial court erred in (1) overruling Spiecker's motion to extend time for filing responses to request for admissions, (2) deeming admitted Petroff's first request for admissions, (3) granting Petroff's motion for summary judgment with the deemed admissions as the sole evidence, (4) granting Francis's motion for summary judgment with the deemed Petroff admissions, (5) granting Francis's motion for summary judgment on the basis of Petroff's admissions which the court deemed denied, and (6) applying a local rule to determine the merits of a case in violation of rule 3(a) of the Texas Rules of Civil Procedure. Because we agree that the trial court erred in overruling Spiecker's motion to extend time for filing admissions and deeming admitted Petroff's requests for admissions, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Spiecker contends that he entered into an oral contract with Petroff and Francis whereby Spiecker would provide presentation con-

---

1. We note that appellees Judson Francis and Francis & Cross, P.C. did not file a brief.

sultation services to Petroff and Francis in exchange for a service fee from breast implant case settlements or judgments received by Petroff and Francis. Spiecker further contends that Petroff and Francis received settlements and judgments but failed to pay the service fee.

On February 2, 1995, Spiecker filed suit against Petroff and Francis. On March 13, 1995, the trial court sent out a scheduling notice order, establishing the timetable for the case. The order stated, inter alia, that the deadline for discovery responses was fourteen days from the date of receipt and set the case for trial on September 25, 1995.

Spiecker received requests for admissions from Petroff on June 19, 1995. When Spiecker failed to respond within the fourteen-day deadline set by the scheduling order, Petroff's requests for admissions were deemed admitted. Afterwards, Petroff filed a motion for summary judgment based solely on the deemed admissions. On the same day, and within the thirty-day time period provided for in rule 169 of the Texas Rules of Civil Procedure, Spiecker filed and served his response to Petroff's request for admissions, along with a motion to extend time to file the admissions, a request for leave to file the admissions, and a request to withdraw deemed admissions (collectively, "motion to extend"). A hearing was held on the motion to extend, and the trial court denied the motion. Subsequently, Spiecker filed a motion to reconsider the motion to extend. The trial court denied the motion to reconsider and granted Petroff's motion for summary judgment. Francis then filed his motion for summary judgment, relying on four specific deemed admissions. The trial court granted Francis's motion for summary judgment.

## STANDARD OF REVIEW

■ A trial court has broad discretion to permit or deny the withdrawal of deemed admissions. *Employers Ins. v. Halton,* 792 S.W.2d 462, 464 (Tex.App.—Dallas 1990, writ denied). We set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996). An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

## APPLICABLE LAW

### 1. Rule 169

Rule 169(1) of the Texas Rules of Civil Procedure provides in relevant part:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted without necessity of a court order unless, *within thirty days after service of the request, or within such time as the court may allow,* or as otherwise agreed by the parties, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection.

TEX.R. CIV. P. 169(1) (emphasis added). The consequence of "deemed admissions" is that the matters are conclusively established as to the admitting party unless the court, on motion, permits withdrawal or amendment of the admissions. *See* TEX.R. CIV. P. 169(2). The court may permit withdrawal or amendment of the deemed admissions upon a showing of good cause if the court finds that the parties relying upon deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by the withdrawal or amendment of the responses. *See id.*

■ Good cause has been adopted as the threshold standard for the withdrawal of deemed admissions. *See id.* A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. *Stelly,* 927 S.W.2d at 622. Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result. *Halton,* 792 S.W.2d at 466.

■ In construing the withdrawal prerequisites of rule 169, we must give the rule a liberal construction. *See* TEX.R. CIV. P. 1. The rule should not be construed giving one

litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when, without injustice to either party, the case can be opened for a full hearing on the evidence. *Halton,* 792 S.W.2d at 464. The objective of the rules of civil procedure is to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants. TEX.R. CIV. P. 1. The rules were not designed as traps for the unwary nor should they be construed in order to prevent a litigant from presenting the truth to the trier of fact. *Halton,* 792 S.W.2d at 464.

## 2. *Burden v. John Watson Landscape Illumination*

In *Burden,* the Eastland Court of Appeals reviewed an identical order from the same district court judge as we have before us in this case. *Burden v. John Watson Landscape Illumination,* 896 S.W.2d 253, 254 (Tex.App.—Eastland 1995, writ denied).[2] Burden's counsel failed to notice the shortened deadline and did not file a response to JWLI's request for admissions. When the clerical error was discovered, Burden's counsel filed the responses as well as a motion for protective order, a motion for additional time to file, and a motion for withdrawal of the deemed admissions with supporting affidavit attached.

The supporting affidavit stated that the failure to file the responses was the result of a clerical oversight in failing to enter the shortened deadline into the firm's docket system. The affidavit also stated that deeming the requests admitted, many of which Burden disputed, would cause Burden great hardship and prejudice. Further, the affidavit stated that Burden was willing to pay JWLI's reasonable attorney's fees incurred in responding to Burden's motion to withdraw the deemed admissions.

The appellate court in *Burden* found that the failure to timely file responses was not the result of conscious indifference, noting that the responses were filed within the thirty-day deadline provided in rule 169 and more than three months before trial. The court held that Burden was diligent in rectifying the error and showed good cause for

his failure to timely file the responses. *Id.* at 255–56. The panel found no prejudice would occur to JWLI if the admissions were withdrawn and that the withdrawal would promote the presentation of the merits of the case. *Id.* The opinion concluded that the trial court's failure to withdraw the deemed admissions effectively resulted in Burden receiving "the ultimate sanction." *Id.* The *Burden* court held that the trial court abused its discretion in denying Burden's motion for additional time and withdrawal of deemed admissions, reversed the trial court's ruling, and remanded the case. *Id.*

## 3. *Employers Insurance v. Halton*

In *Employers Insurance v. Halton,* this Court held that the trial court abused its discretion in denying Employers Insurance's request to set aside deemed admissions. *Halton,* 792 S.W.2d at 467. Employers Insurance inadvertently failed to file responses within the thirty-day time period allowed by rule 169. Once counsel discovered his mistake, he immediately contacted opposing counsel to notify him that the responses would be filed late. Additionally, counsel stated in his affidavit that Employers Insurance would suffer great hardship if the motion to extend time was denied. The affidavit pointed out that Employers Insurance offered to pay Halton's reasonable attorney's fees incurred in responding to the motion and that there was almost a month before the trial in which the parties could have conducted additional discovery.

This Court concluded that Employers Insurance made a sufficient showing of good cause under rule 169 to warrant withdrawal of the deemed admissions. *Id.* We also found that counsel was diligent in filing the answers immediately after the missed deadline came to his attention; and he was also diligent in pursuing the motion to set aside and to extend time to file answers. *Id.* We stated, "As the purpose of rule 169 is to remove *uncontested* issues from the trial, we conclude that the factual matters disputed by the parties must be resolved at trial." *Id.* (emphasis in original). We also concluded

---

**2.** John Watson Landscape Illumination will be      hereinafter referred to as JWLI.

that the facts of the case did not merit deeming all facts in the case being admitted. We held that the trial court abused its discretion in failing to grant Employers Insurance's motion to set aside and to extend time to file answers.

## APPLICATION OF LAW TO THE FACTS

In his first and second points of error, Spiecker argues that the trial court erred in overruling his motion to extend and in deeming admitted Petroff's first request for admissions. Spiecker contends that he showed (1) good cause existed to withdraw the deemed admissions because the failure to respond and object to the request for admissions was not an act of conscious indifference, (2) withdrawal of the admissions would not prejudice Petroff and Francis, and (3) presentation of the merits would be subserved by withdrawal. We agree.

In this appeal, counsel for Spiecker received an order from the trial court on March 13, 1995, requesting Spiecker take note of the trial settings. Discovery was to be completed by July 31, 1995. At the bottom of the order was the following: "The period for responses to interrogatories, requests for admission, and requests for production is hereby shortened to fourteen (14) days from the date of receipt unless specifically ordered by the court."

Petroff served his first request for admissions on June 19, 1995, and the request stated that the appropriate time periods were governed by the Texas Rules of Civil Procedure as modified by local rule and/or court order. According to the scheduling order, the court-imposed deadline for the request was July 3, 1995. When the deadline passed, Petroff served Spiecker with a motion for summary judgment on July 7, 1995, which he filed with the trial court on July 10, 1995.[3] Within hours of receiving the motion for summary judgment, Laurence DePlaza, counsel for Spiecker, electronically filed his motion to extend, objecting to the shortened

deadline. The motion stated that: (1) good cause existed to extend the deadline to thirty days because the failure to respond was not an act of conscious indifference, (2) withdrawal of the admissions would not prejudice Petroff, and (3) presentation of the merits of the matter would be subserved by withdrawal and extension. Spiecker's responses were attached to the motion.

In his motion for summary judgment, Petroff contended that the request for admissions was deemed admitted as a matter of law and based his motion solely on the admissions. In his response to the motion for summary judgment, Spiecker objected to Petroff's summary judgment evidence as inappropriate and inadmissible. He attached an affidavit from counsel, detailing the reasons for the failure to respond within the designated time limit.[4] According to his affidavit, DePlaza attested that the failure to respond was due to a "clerical error" and not conscious indifference. Specifically, DePlaza failed to note the deadline variance from rule 169; therefore, the deadline noted in the firm's docket system was thirty days. He then described his receipt of the motion for summary judgment, which resulted in his filing his motion to extend on the same day. DePlaza's affidavit reasserted that good cause existed to withdraw the admissions in that Spiecker, upon notice that he may not be protected by the time limits of rule 169, submitted responses to the discovery requests within three hours. DePlaza also reasserted that withdrawal of the deemed admissions would not prejudice Petroff because (1) the case was not set for mediation until on or before September 11, 1995, (2) the case was not set for final trial until September 25, 1995, and (3) Spiecker did respond within the thirty days provided by rule 169. He pointed out that the deemed admissions were the sole summary judgment evidence presented by Petroff.

Spiecker then filed a motion to strike inappropriate requests for admissions, and he later filed a motion to reconsider the motion

---

3. We note that Petroff filed a motion for summary judgment individually, and as Kip Petroff, P.C. However, we refer to the motions jointly as one motion for summary judgment.

4. We note that Spiecker responded identically to the motions for summary judgment from Kip Petroff and Kip Petroff, P.C.; therefore, we refer to the responses jointly as one response.

to extend. Spiecker attached an affidavit from DePlaza to the motion to reconsider and the Eastland Court of Appeals' opinion in *Burden*. DePlaza stated that the first request for admissions provided on its face that the responses were due in accordance with the time periods provided in the Texas Rules of Civil Procedure as modified by local rule and/or court order. He further attested that Spiecker disputes all of the facts that would be deemed admitted, including the core issues of the case.

Petroff responded to the motion for reconsideration, stating there was no new evidence presented to establish "good cause" for Spiecker's failure to respond. Additionally, Petroff distinguished *Burden* from the present case: (1) DePlaza admitted receiving and reading the scheduling order, whereas the attorney in *Burden* never received it, and (2) the request for admissions in the present case did not provide for the thirty-day deadline, although the request in *Burden* did. We conclude that these distinctions are not persuasive. The fact that DePlaza admitted receiving and reading the scheduling order does not in and of itself prove conscious indifference. Also, a careful reading of Petroff's request shows that it provided for the thirty-day deadline. The request refers to the Texas Rule of Civil Procedure 169 in four places: (1) "The following Request for Admission are submitted to Joseph M. Spiecker and Legal Presentation, Ltd., under the terms and provisions of Rule 169 of the Texas Rules of Civil Procedure," (2) "[M]ake a written response, sign same, and deliver it to the attorney of record for Kip Petroff, P.C. herein in accordance with the time periods provided in the Texas Rules of Civil Procedure as modified by local rule and/or court order," (3) "Each matter for which an admission is requested shall be deemed admitted unless your response is served on the undersigned attorney during the period of time set forth," and (4) "Your failure to respond as required by the Texas Rules of Civil Procedure to these requests and questions within the time required."

Petroff also attached an Affidavit of Counsel to his motion in opposition to reconsideration. In his affidavit, counsel for Petroff attested that DePlaza admitted in open court that he had received and read the scheduling order, though he thereafter failed to enter the shortened discovery deadlines in the firm's docket control system. Petroff's counsel also stated that DePlaza could not specifically recall whether he read the paragraph concerning the shortened discovery response time. This affidavit does not dispute or challenge anything before us, rather it supports Spiecker's argument.

Despite DePlaza's diligence, the trial court granted Petroff's motion for summary judgment. On the same day, the trial court signed an order denying Spiecker's motion to reconsider, finding that Spiecker had "wholly failed to establish good cause." Francis then filed a motion for summary judgment, using the deemed admissions as evidence. Spiecker's response contained an affidavit of counsel by DePlaza which was similar to the others discussed *supra*. The trial court granted Francis's motion for summary judgment.

■ Because of the many similarities between the case at bar and *Burden*, we find *Burden* persuasive in our analysis. Additionally, we apply our reasoning and holding in *Halton*. In all three of the cases, the failure to respond was due to error of the counsel. The court in *Burden*, and this Court in *Halton*, did not find such error to be conscious indifference. We have held that even a slight excuse will suffice. *Halton*, 792 S.W.2d at 466. We conclude there was no conscious indifference on the part of Spiecker. As a result of a mistake, both courts concluded it was an abuse of discretion to not allow the withdrawal of the deemed admissions when time existed to correct the mistake. Applying those conclusions to the facts in the case before us, we agree. Counsel filed the response and motion to extend immediately upon notification of the deadline in each case, within thirty days of receiving the requests and at least one month before trial. In *Burden* and *Halton*, the courts concluded that counsel had been diligent in filing the response once the error was discovered and in filing motions to extend time to file responses or to withdraw deemed admissions. We conclude that DePlaza was similarly dili-

gent. Affidavits of counsel in all three cases indicated (1) that the failure to respond was merely an oversight, (2) that deeming the requests admitted would work substantial hardship on the party against whom the admissions were deemed admitted, and (3) that the party against whom the admissions were deemed admitted offered to pay reasonable attorney's fees regarding the motion to extend. With such evidence, the *Burden* court and this Court in *Halton* held that good cause was established. We so hold in this case. We conclude that Spiecker made a sufficient showing of good cause under rule 169 to warrant withdrawal of the deemed admissions.

There was no showing of prejudice to Petroff or Francis. As we have stated earlier, Spiecker offered to pay reasonable attorney's fees in order for them to answer the motion to extend. Because the improperly admitted facts are disputed by Spiecker, the withdrawal of the admissions would allow the presentation of the merits. TEX.R. CIV. P. 169(2). We have held that rule 169 should not be construed to give one litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when the case can be tried on the merits. *Halton,* 792 S.W.2d at 464. As the purpose of rule 169 is to remove *uncontested* issues from the trial, we conclude that the factual matters disputed by the parties must be resolved at trial. *Id.* at 467.

 We conclude that filing responses to discovery within the thirty days provided for in rule 169 satisfies the requirements of the rule as a matter of law. Where a court arbitrarily shortens the response time in a general scheduling order, and then refuses to allow the withdrawal of the deemed admissions after a party has shown good cause, the court has, as a matter of law, abused its discretion.[5] The *Burden* court, and this Court in *Halton,* on similar facts held that the trial court abused its discretion in overruling the motion to extend and the motion to withdraw. After reviewing the entire record in this case, we agree.

**5.** Spiecker does not contend, nor do we consider, whether trial courts may adopt the routine prac-

We sustain points of error one and two. Our disposition of these two points of error makes it unnecessary to address Spiecker's four remaining points of error. TEX.R.APP. P. 47.1. We reverse the summary judgments granted to Petroff and Francis and remand the case to the trial court for further proceedings consistent with this opinion.

tice of shortening discovery responses.