No. 04-00-00818-CV



TAYLOR MADE HOMES, INC. and Michael B. Taylor,


Appellants


v.


John GIANOTTI and Debbie Gianotti,

Appellees


From the 218th Judicial District Court, Wilson County, Texas

Trial Court No. 98-11-0405-CVW

Honorable Stella Saxon, (1) Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: November 21, 2001


REVERSED AND REMANDED


 The trial court entered summary judgment in favor of John and Debbie Gianotti on
their claims against Michael B. Taylor and his company, Taylor Made Homes, Inc. (Taylor).
Taylor appeals to this Court, claiming the trial court erred in denying his motion to strike
deemed admissions and in entering summary judgment against him. Holding the trial court
abused its discretion in refusing to strike the deemed admissions, we reverse the summary
judgment and remand to the trial court for further proceedings. 

Background


 Taylor entered a contract with his sister and brother-in-law ("the Gianottis") providing
Taylor would build the Gianottis a house at a greatly reduced rate. On the scheduled
completion date, the Gianottis' house was not complete, and the unfinished structure had
many alleged construction defects, along with two mechanics liens on the property resulting
from Taylor's alleged failure to pay subcontractors. After extending the deadline for five
more months, the house remained unfinished, and the interim lender threatened to post the
property for foreclosure. The Gianottis filed suit against Taylor for breach of contract and
warranty, requesting a temporary injunction to prevent the foreclosure sale. 

 After the Gianottis served Taylor with requests for production, the parties entered a
Rule 11 agreement, extending Taylor's response deadline. Jonathon Hull, Taylor's attorney,
then filed a motion to withdraw. Before the court heard Hull's motion to withdraw, Taylor
failed to respond to the production requests by the extended deadline. The Gianottis filed a
motion to compel and, on the same day, served Taylor with requests for admissions. The
requests for admissions were sent to Hull's office. Ten days later, the trial court granted
Hull's motion to withdraw and again extended Taylor's deadline to respond to the request
for production. 

 On August 12, 1999, after Taylor failed to timely respond, the requests for admissions
became deemed admitted by Taylor by operation of law. In September 1999, Hull reentered
the case. For the next two months, no mention was made of the deemed admissions, and the
parties continued to correspond regarding an upcoming mediation in November 1999.
Before the mediation, Hull discovered the failure to respond to the requests for admissions.
He notified opposing counsel and filed a motion to strike in December 1999. At the hearing
on the motion to strike, Hull testified, claiming the failure to respond was a mistake, pointing
to Taylor's earlier efforts to respond to the Gianottis' other discovery requests; however, the
trial court denied the motion. Six months later, the Gianottis filed a motion for summary
judgment, which was granted by the trial court, finding Taylor liable to the Gianottis in the
amount of $50,180.00. The trial court denied Taylor's motion for new trial, and Taylor
appeals, challenging the trial court's refusal to withdraw the deemed admissions and entry
of summary judgment. 

Deemed Admissions


 In his first point of error, Taylor challenges the trial court's denial of his motion to
strike. We reverse a trial court's refusal to withdraw deemed admissions only upon an abuse
of discretion. Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996). A trial court may permit
a party to withdraw deemed admissions: (1) if the moving party shows good cause for its
failure to timely respond; (2) the nonmoving party relying on the deemed admissions will
not be unduly prejudiced by the withdrawal; and (3) the presentation of the merits would be
furthered by the withdrawal. Tex. R. Civ. P. 198.3.


 Good Cause


 Regarding Taylor's burden to show good cause, "[e]ven a slight excuse will suffice,
especially when delay or prejudice to the opposing party will not result." Spiecker v. Petroff,
971 S.W.2d 536, 538 (Tex. App.- Dallas 1997, no writ). Generally, a showing that the
failure to respond was accidental or the result of mistake, rather than the result of conscious
indifference, satisfies the first factor. Wal-Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 356
(Tex. 1998) (good cause shown when Wal-Mart did not receive requests directed to
employee and immediately moved to withdraw the deemed admissions upon learning that
employee had failed to respond).

 On appeal, Taylor argues the failure to respond was accidental. At the hearing, Hull
testified, attributing the error to a mix-up occurring in the midst of Hull's withdrawal
immediately before the admissions' due date. (2) Hull also testified Taylor's pattern of
behavior with the other discovery responses, such as requesting extensions to respond to
requests for production, demonstrates Taylor did not consciously disregard the admissions
request. Further, Hull testified he notified opposing counsel and filed a motion to strike
immediately upon discovering the error. 


 Prejudice & Presentation of the Merits


 The second and third factors focus on whether withdrawing the deemed admissions
would unduly prejudice the nonmoving party and further presentation of the merits. In this
case, the evidence shows the deemed admissions had been in effect for three months before
the motion to strike was filed. There is no evidence the Gianottis relied upon the deemed
admissions to their detriment during that time, but rather, the evidence shows a lack of
reliance. Taylor introduced correspondences between the parties discussing the mediation
efforts. This correspondence, which took place after the admissions' deadline, makes no
mention of the deemed admissions or the Gianottis' reliance on them to effect settlement of
the case. Further, the Gianottis did not seek summary judgment until six months after Taylor
filed his motion to strike. Taylor also offered to pay reasonable attorney's fees and expenses
incurred as a result of the deemed admissions. 

 The primary purpose of Rule 198 is:

to simplify trials by eliminating matters about which there is no
real controversy, but which may be difficult or expensive to
prove. It was never intended to be used as a demand upon a
plaintiff or defendant to admit that he had no cause of action or
ground of defense.


Stelly, 927 S.W.2d at 622. Although Taylor consistently denied liability and counterclaimed
for payments allegedly owed by the Gianottis, once the deemed admissions took effect,
Taylor was precluded from introducing evidence to controvert the allegations he had disputed
since the lawsuit's initiation. (3) We do not condone a party's failure to timely respond to
discovery requests, even if by accident or mistake; however, the "discovery rules were not
designed as traps for the unwary, nor should we construe them to prevent a litigant from
presenting the truth." Id. 

 We hold the trial court abused its discretion in refusing to allow withdrawal of the
deemed admissions. Taylor satisfied the good cause requirement by presenting evidence of
his withdrawal in the midst of the admissions' deadline and referring to Taylor's previous
efforts to respond to discovery requests. Further, the evidence demonstrated the Gianottis
would not be unduly prejudiced and presentation of the merits would be served by
withdrawal of the deemed admissions. We sustain Taylor's first point of error. See In re
Kellogg-Brown & Root, Inc., 45 S.W.3d 772, 777 (Tex. App. - Tyler 2001, orig. proceeding)
(granting mandamus relief to party whose request to strike deemed admissions was denied
because deemed admissions "eliminated its ability to present any viable defense at trial and
acted as a death penalty sanction"). 

Summary Judgment

 Having sustained Taylor's first point of error, we consider Taylor's third and sixth
points of error, claiming the trial court erred in entering summary judgment. Plaintiffs
moving for summary judgment must establish each element of their claim as a matter of law.
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1987). When a defendant raises a
counterclaim, the plaintiff-movant must not only prove the elements of his cause of action
conclusively, but also must disprove at least one element of the defendant's counterclaim.
Taylor v. GWR Operating Co., 820 S.W.2d 908, 910 (Tex. App. - Houston [1st Dist.] 1991,
writ denied). In this case, absent the deemed admissions, the evidence presented by the
Gianottis does not demonstrate they are entitled to judgment on their claims as matter of law
or that Taylor cannot prevail on his counterclaim as a matter of law. We sustain Taylor's
third and sixth points of error and reverse the trial court's grant of summary judgment. (4) 

Conclusion

 Because we hold the trial court abused its discretion in refusing to allow withdrawal
of the deemed admissions, we sustain Taylor's first point of error. Absent the deemed
admissions, the remaining summary judgment evidence does not demonstrate the Gianottis
are entitled to judgment as a matter of law. We reverse the summary judgment and remand
to the trial court for further proceedings. 

 PAUL W. GREEN

 JUSTICE


DO NOT PUBLISH
1. Appellants challenge the summary judgment order, entered by the Honorable Stella Saxon, and the order
denying the motion to strike the deemed admissions, entered by the Honorable Olin Strauss.
2. The Gianottis' objection that Hull could not testify regarding Taylor's intent to responding to the requests
after Hull's withdrawal was sustained by the trial court.
3. See Marshall v. Vise, 767 S.W.2d 699, 700 (Tex.1989) (holding an admission once admitted, deemed or
otherwise, is a judicial admission, and a party may not then introduce testimony to controvert it).
4. Because we reverse and remand based on Taylor's first, third, and sixth issues, we need not reach the
remaining points of error.