MEMORANDUM OPINION


No. 04-04-00892-CV

Gary ZARS d/b/a US Pools,
Appellant

v.

Robert ESQUIVEL and Diana B. Esquivel,
Appellees

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 278036
Honorable David J. Rodriguez, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Phylis J. Speedlin, Justice

Delivered and Filed: November 23, 2005

AFFIRMED
            Gary Zars d/b/a US Pools appeals a summary judgment granted in favor of Robert Esquivel
and Diana B. Esquivel. Zars contends that the trial court erred in refusing to give him the
opportunity to amend his affidavit after the trial court sustained the Esquivels’ untimely objections
to the affidavit.


 Zars also contends that the trial court abused its discretion in granting the
Esquivels’ motion to sever. We affirm the trial court’s judgment.
            In his first issue, Zars does not specify which portions of the affidavit he should have been
permitted to amend; however, his complaint refers to his statements relating to payment. The only
objection to the portion of Zars’s affidavit relating to payment is an objection that the affidavit was
conclusory. Challenges to summary judgment affidavits as conclusory allege a defect in substance
rather than form. Nichols v. Lightle, 153 S.W.3d 563, 570 (Tex. App.—Amarillo 2004, pet. denied);
Dailey v. Albertson’s, Inc., 83 S.W.3d 222, 225 (Tex. App.—El Paso 2002, no pet.). If a defect in
a summary judgment affidavit is one of substance, the court is not required to provide an opportunity
to amend it. Clendennen v. Williams, 896 S.W.2d 257, 260 (Tex. App.—Texarkana 1995, no writ); 
 Ceballos v. El Paso Health Care Systems, 881 S.W.2d 439, 445 (Tex. App.—El Paso 1994, writ
denied); Bell v. Moores, 832 S.W.2d 749, 755-56 (Tex. App.—Houston [14th Dist.] 1992, writ
denied). Accordingly, the trial court did not err in denying Zars’s request for permission to amend
his affidavit. 
            In his second issue, Zars contends that the trial court erred in severing the Esquivels’ claim
for breach of the settlement agreement from the Esquivels’ original breach of contract and DTPA
claims. A trial court’s decision to grant a severance is reviewed for abuse of discretion. Guaranty
Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990); Paradigm Oil, Inc.
v. Retamco Operating, Inc., 161 S.W.3d 531, 540 (Tex. App.—San Antonio 2004, pet. denied). A
claim is severable if: (1) the controversy involves more than one cause of action; (2) the severed
claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the
severed claim is not so interwoven with the remaining action that they involve the same facts and
issues. Guaranty Fed. Sav. Bank, 793 S.W.2d at 658; Paradigm Oil, Inc., 161 S.W.3d at 540.            Applying the first prong of this test, the claim for breach of a settlement agreement involves
a separate cause of action from the underlying claims that were intended to be resolved by the
settlement agreement. Texas A & M University-Kingsville v. Lawson, 87 S.W.3d 518, 523 (Tex.
2002). Furthermore, the breach of settlement agreement claim involves different facts and issues
than the underlying claims. The issue, then, becomes whether the breach of settlement agreement
claim “is one that would be the proper subject of a lawsuit if independently asserted.” Guaranty
Fed. Sav. Bank, 793 S.W.2d at 658. 
            The Texas Supreme Court has instructed us that “[w]here the settlement dispute arises while
the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement
should, if possible, be asserted in that court under the original cause number.” Mantas v. Fifth Court
of Appeals, 925 S.W.2d 656, 658 (Tex. 1996). In this case, the Esquivels followed the proper
procedure by asserting their breach of settlement agreement claim in the original cause number
which was still pending. At that time, the breach of settlement agreement claim would not likely
have been the proper subject of an independent lawsuit since it was possible to assert the claim in
the original cause. The issue becomes whether the required assertion of the breach of settlement
agreement claim in the original cause precluded the trial court from granting a severance after it
granted a partial summary judgment on the breach of settlement agreement claim. 
            In general, the cases hold that a trial court does not abuse its discretion in severing a claim
for purposes of enabling the parties to expedite appellate review of a partial summary judgment. See
Cherokee Water Co. v. Forderhause, 641 S.W.2d 522, 526 (Tex. 1982); Smith v. Texas Farmers Ins.
Co., 82 S.W.3d 580, 588 (Tex. App.—San Antonio 2002, pet. denied); Guidry v. Nat’l Freight, Inc.,
944 S.W.2d 807, 812 (Tex. App.—Austin 1997, no writ). We can discern no reason why the trial
court should not have the same discretion to grant a severance under this general rule when a partial
summary judgment is granted on a breach of settlement agreement claim. Although the breach of
a settlement agreement gives rise to an election of remedies, Murray v. Crest Const., Inc., 900
S.W.2d 342, 344 (Tex. 1995); Chinwah v. Jones, No. 05-01-01574-CV, 2002 WL 31399799, at *2
(Tex. App.—Dallas Oct. 25, 2002, pet. denied); Shaw v. Kennedy, Ltd., 879 S.W.2d 240, 247 (Tex.
App.—Amarillo 1994, no writ), we do not believe this should preclude the trial court from granting
a severance after a partial summary judgment is granted on the breach of settlement agreement
claim.


 Accordingly, we hold that the trial court did not abuse its discretion in granting the
severance. 
            The trial court’s judgment is affirmed.
Alma L. López, Chief Justice