**Opinion issued December 10, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00021-CV

———————————

**TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES,**
**Appellant**

**V.**

**CAROL MERSCH, Appellee**

On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Case Nos. CV25849 & CV26248

**O P I N I O N**

Through mistakes in interpreting and executing local electronic service rules, the Texas Department of Aging and Disability Services (DADS) managed to timely file a response to a motion for summary judgment, but untimely serve it.

DADS explained its mistakes in an affidavit from the legal staff entrusted with service of the filing and rectified the faulty service as soon as it was brought to its attention—well before the summary–judgment hearing. The trial court struck DADS' response as untimely and granted summary judgment. Because DADS proffered an unrebutted explanation demonstrating good cause for its errant service and no harm would have resulted in considering the motion and response on the merits, the trial court abused its discretion in striking the response. We reverse and remand.

**Background**

DADS is the permanent guardian of the Reverend John Stout, an incapacitated person residing in Chambers County, Texas, and his estate. Reverend Stout is an ordained Presbyterian minister. In 1968, Stout founded the Apollo Prayer League, a Christian ministry focused on prayer and support for American astronauts. Through the League, Captain Edgar Mitchell and other Apollo astronauts brought the League's microform Bibles with them in their spaceships during various NASA missions. *See 1st Book on the Moon – the Bible*, THE STARS AND STRIPES, Mar. 30, 1971, at 7 (recounting history of a number of Apollo Prayer League Bibles). These space–traveled Bibles became known as the "Lunar Bibles."

Mersch approached Stout to interview him about the Lunar Bibles, in the hope of publishing a book. As Mersch researched the book, she developed a friendship with Stout. In a declaratory judgment action filed in Tulsa County, Oklahoma, Mersch claimed that Stout gifted her with four of the Lunar Bibles, and provided her with ten others to place in museums. She also claimed that Stout gave her his files, containing photographs, news articles, and other memorabilia related to the Apollo Prayer League. Mersch self–published a book entitled *Apostles of Apollo* to tell the story of Stout and the Lunar Bibles.

As Stout's guardian, DADS demanded return of the Bibles and memorabilia, claiming that Stout did not gift them to Mersch or that, if he did, Stout lacked the capacity to do so. After Mersch refused its demand, DADS sued Mersch in Chambers County district court, seeking a declaratory judgment that the Lunar Bibles and memorabilia in Mersch's possession belong to Stout. DADS also sued Mersch for breach of fiduciary duty, conversion, and trespass, and for violating the Texas Theft Liability Act. The case was scheduled for trial on November 26, 2012.

*Course of proceedings*

Mersch moved for summary judgment on the claims against her, and she had the motion set for hearing twenty–one days later, on October 9, 2012. At the time, the Chambers County District Courts had a set of Texas Supreme Court–approved

3

local rules for electronic filing and service. *See* Tex. Sup. Ct., *Approval of Local E–Filing Rules for the District Courts of Chambers County*, Misc. Docket No. 09-9096 (Jun. 15, 2009). Part 4 of the rules, entitled "Filing Mechanics," observes that "Filers do not electronically file documents directly with the district clerk. Rather, filers indirectly file a document with the district clerk by electronically transmitting the document to an electronic filing service provider (EFSP)[,] which then electronically transmits the document . . . to the district clerk." Chambers (Tex.) Dist. Ct. Loc. R. 4.1(c).

The filing mechanics part of the local rule also addresses the time of filing:

> Upon sending an electronically–transmitted document to a filer's EFSP, the filer is deemed to have delivered the document to the clerk and, subject to Rule 4.3(h) [(payment of the applicable fee)], the document is deemed to be filed. If a document is electronically transmitted to the filer's EFSP and is electronically transmitted on or before the last day for filing the same, the document, if received by the clerk not more than ten days tardily, shall be filed by the clerk and deemed filed in time. A transmission report by the filer to the filer's EFSP shall be prima facie evidence of date and time of transmission.

Chambers (Tex.) Dist. Ct. Loc. R. 4.3(b). The rules further provide that "Electronic service shall be complete upon transmission of the document by the filer to the party at the party's email address." Chambers (Tex.) Dist. Ct. Loc.

R. 5.2(a). But unlike the rule for filing, which provides for timely filing any time of the day, the local rule for timely service is different:

> When electronic service is complete after 5:00 p.m. (recipient's time), then the date of service shall be deemed to be the next day that is not a Saturday, Sunday, or legal holiday.

Chambers (Tex.) Dist. Ct. Loc. R. 5.2(c).

At 6:06 p.m. on October 2, 2012—a week before the summary–judgment hearing—a DADS legal assistant electronically filed DADS' summary–judgment response, using an EFSP known as Filerunner.com. Under the rules, the response was timely filed with the clerk of the court. DADS' legal assistant mistakenly thought, however, that by identifying Mersch's attorney as a "Service Party" in the electronic filing and by electronically serving the filing contemporaneously with the electronic filing, her actions would result in timely electronic service to Mersch's counsel. They did not. In reality, DADS had accomplished nothing in the way of service. Mersch's counsel had no affiliation with Filerunner.com and had not authorized it to accept service on his behalf.

The following morning (October 3), as a courtesy, DADS faxed to Mersch's counsel a copy of DADS' confirmation receipt, which indicated that a summary–judgment response had been filed and Mersch's counsel was a service party. After 5:00 p.m., the day after he received the faxed courtesy confirmation, Mersch's counsel faxed a letter to DADS, noting that he did not receive the response and

requesting that DADS send him a copy. Upon arriving at work the following morning and learning that she had not properly served the response, DADS' legal assistant immediately faxed a copy to Mersch's counsel, just after 10:00 a.m.

The day before the summary–judgment hearing, Mersch moved to strike DADS' response as untimely served. Mersch also filed objections to DADS summary–judgment evidence. On the day of the summary–judgment hearing, DADS filed an amended certificate of service, indicating that its service was made by facsimile on October 5, 2012, rather than electronically on October 2, 2012. DADS also filed an affidavit from its legal assistant, in which she explained that she had been charged with "the timely filing of legal documents to courts and opposing parties," and that she had intended to timely serve the response and follow "protocol" "in accordance with Tex. R. Civ. P. 21a."

At the summary–judgment hearing, DADS explained why its service of its summary–judgment response was untimely and referred the court to its legal assistant's affidavit. The trial court struck DADS' response and granted summary judgment.

**Discussion**

*Standard of Review and Applicable Law*

We review a trial court's order to strike a late–served summary–judgment response as we would review a trial court's ruling on a motion for leave to file one—for an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002).

A trial court should grant a motion for leave to file a late summary–judgment response if the non–movant shows (1) good cause and (2) no undue prejudice. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (citing *Carpenter*, 98 S.W.3d at 687–88). A non–movant establishes good cause if it shows that its failure to timely respond was not intentional or the result of conscious indifference, but was the result of an accident or mistake. *Id.* Undue prejudice depends on whether filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. *Id.* at 443.

*Analysis*

DADS' counsel committed two mistakes. First, counsel committed a legal mistake by attempting to electronically serve Mersch at 6:06 pm on October 2, 2012. Under the vagaries of the then–existing county e–filing rules, electronic service completed after 5:00 p.m. was deemed to take place the next day, even

7

though a filing made at that time was timely. Chambers (Tex.) Dist. Ct. Loc. R. 5.2(c) ("[w]hen electronic service is complete after 5:00 p.m. (recipient's time), then the date of service shall be deemed to be the next day."). Because DADS' attempted electronic service was deemed by local rule to take place six days, rather than seven days, before the summary–judgment hearing, even a successfully completed electronic service would have been untimely. *See* TEX. R. CIV. P. 166a(c) (requiring a response to a motion for summary judgment to be filed and served seven days before the hearing).

Second, counsel committed a technical mistake by attempting to electronically serve Mersch, but failing due to a misunderstanding of the interface between electronic filing service providers and legal counsel for parties that must be served. DADS proffered the filing confirmation summary that listed Mersch's attorney as the service party. As proof of good cause, the legal assistant explained in her affidavit that she mistakenly believed, based on the filing summary, that she had electronically served Mersch's attorney. Her statement that she served the response on October 2 is supported by a copy of the courtesy confirmation that she transmitted by fax to Mersch's counsel the next day. Upon learning of her mistake, she immediately rectified it.

Mersch contends that the facts here are analogous to the facts in *Carpenter*, and thus the trial court was within its discretion to strike DADS' response. In

8

*Carpenter*, the Texas Supreme Court held that a defendant failed to satisfy the good–cause prong when counsel offered a bare assertion that he had "miscalendared" the response date and gave no further explanation. *Carpenter*, 98 S.W.3d at 688.

But DADS' offered more than a bare assertion that it had made a mistake. At the hearing, DADS proffered a detailed explanation for its error: the filing summary listed Mersch's attorney as the "Service Party," and DADS' legal assistant wrongly relied on it. DADS acknowledged that its service "was outside the rules," but noted that DADS quickly rectified the mistake once Mersch's counsel apprised DADS of it. Bungled as DADS' service was, Mersch never contended that it was intended to be that way. These circumstances demonstrate that DADS' service error was not intentional or the result of conscious indifference.

Allowing DADS' late response would not have delayed trial or hampered Mersch's ability to prepare for it, and Mersch does not contend that it would. Mersch received DADS' response on October 5, four days before the summary–judgment hearing, and could have received it even sooner had counsel not waited until after business hours of the day after receiving the courtesy fax to notify DADS that DADS had not in fact electronically served it. Moreover, the delay occasioned was that commensurate with a mailed response: it is likely that Mersch

9

would have received DADS' response around the same time if DADS had mailed the response on the evening of October 2, a proper method under Texas Rule of Civil Procedure 21a, rather than attempting electronic service. *See* TEX. R. CIV. P. 21a (service is complete on the day document is placed in the mail). By adding three days to the prescribed period, Texas Rule of Civil Procedure 21a assumes that the mailing process can last three days. *See* TEX. R. CIV. P. 21a.

Notably, in her motion to strike, Mersch did not contend that the delay in receiving the response deprived her of necessary preparation time. On appeal, Mersch argues that, other than rectifying its service, DADS did nothing to establish that allowing the late response would not cause Mersch undue prejudice, and that DADS should have moved for a continuance of the summary–judgment hearing. But Mersch never asserted any claim of prejudice, and she proceeded as movant on her motion with no delay to her hearing. *See In re M.N.*, 262 S.W.3d 799, 804 (Tex. 2008) (finding record supported a finding of no undue prejudice where the party opposing the late filing did not claim it would be prejudiced). The trial date was not imminent, and it was the method of service—not any delay in receipt— that caused the issue: if DADS' legal assistant had mailed the response at a United States Post Office, even after 5:00 p.m., service would have been timely—even though service by mailing could have occasioned a later receipt of DADS' response than resulted here. *See* TEX. R. CIV. P. 21a; *see also Lee v. Palo Pinto*

*Cnty.*, 966 S.W. 2d 83, 85 (Tex. App.—Eastland 1998) (summary–judgment response is timely served if placed in mail seven days before hearing), *pet. denied per curiam*, 988 S.W.2d 739 (Tex. 1998); *Holmes v. Ottawa Truck, Inc.*, 960 S.W. 2d 866, 869 (Tex. App.—El Paso 1997, pet. denied) (same); *see also Davis Family Blanco Rd. Prop. Trust v. Canyon Creek Estates Homeowners Ass'n*, No. 04-09-00007-CV, 2009 WL 3382232, at *3 (Tex. App.—San Antonio Oct. 21, 2009, no pet.) (mem. op.) ("Service . . . in a technical sense is incidental where the main purpose of obtaining the appearance of all parties and their participation is accomplished.") (quoting *Hill v. W.E. Brittain, Inc.*, 405 S.W.2d 803, 807 (Tex. Civ. App.—Fort Worth 1966, no writ)).

The circumstances here more closely resemble those in *M.N.* than those in *Carpenter.* In *M.N.*, the Texas Supreme Court held that a defendant whose counsel explained a calendaring mistake, without objection from the other side as to any prejudice, should be afforded relief from it. *M.N.*, 262 S.W.3d at 804. Similarly here, DADS' counsel explained the service mistake without an objection about prejudice, and it proffered a supporting affidavit and fax transmission at the hearing to demonstrate that its error was not intentional or the result of conscious indifference. The mistakes in service occurred in a new area for practitioners, ungoverned by statewide rules. The Texas Supreme Court has since mandated the adoption of uniform statewide electronic filing and service rules. *See* Tex. Sup.

11

Ct., *Order Requiring Electronic Filing in Certain Courts*, Misc. Docket No. 12-9206 (Dec. 11, 2012). That mandate was prompted in part by the confusion engendered with "the decentralized nature of the current system and accompanying local e–filing rules." *Id.* at 2–3. Under the proposed new rules, service is complete on the day the document is transmitted to the electronic filing service provider, regardless of the hour or minute. *See* Tex. Sup. Ct., *Order Adopting Texas Rule of Civil Procedure 21c and Amendments to Texas Rules of Civil Procedure 4, 21, 21a, and 502.1, Texas Rules of Appellate Procedure 6 and 9, and the Supreme Court Order Directing the Form of the Appellate Record in Civil Cases*, Misc. Docket No. 13-9128, at 7 (Aug. 16, 2013) (draft circulated for public comment; proposed effective date Jan. 1, 2014) ("Electronic service is complete on transmission of the document to the serving party's electronic filing service provider.").

Finally, the Texas Supreme Court's overarching policy in approaching the unintentional errors of counsel is that cases should be decided on the merits rather than on a procedural default, when possible. *See Marino v. King*, 355 S.W.3d 629, 634 (Tex. 2011) ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults."); *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (reversing default judgment and noting court's policy that "adjudication on the merits is preferred")

12

(quoting *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992));

*Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005)

(reiterating that appellate rules "are designed to resolve appeals on the merits, and

we must interpret and apply them whenever possible to achieve that aim");

*Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 370–71 (Tex. 1997) (reiterating

commitment to ensuring that courts do not unfairly apply rules of appellate

procedure to avoid addressing meritorious claims); *Crown Life Ins. Co. v. Estate of

Gonzalez*, 820 S.W.2d 121, 121–22 (Tex. 1991) (stating that procedural rules

should be "liberally construed so that the decisions of the courts of appeals turn on

substance rather than procedural technicality"). The Chambers County Local

Rules themselves counsel leniency as their "guiding interpretation." Chambers

(Tex.) Dist. Ct. Loc. R. 7.2: ("Rule Guiding Interpretation. These rules shall be

liberally construed so as to avoid undue prejudice to any person using the

electronic filing system *or sending or receiving electronic service* in good faith.")

(emphasis added). The electronic filing and service rules should not become a trap

for the unwary when no harm is done.

## Conclusion

Because DADS established that it did not intentionally commit the

electronic service mistakes that it made, and no undue prejudice would have

resulted from forgiving them, the trial court abused its discretion in striking

13

DADS' summary–judgment response. *See M.N.*, 262 S.W.3d at 804 (distinguishing *Carpenter* and holding no abuse of discretion in granting a motion to extend when defendant's counsel explained mistake); *Wheeler*, 157 S.W.3d at 442 (distinguishing *Carpenter* and holding trial court abused discretion in refusing to grant new trial because pro se litigant erred in determining when service occurs). We therefore reverse the summary judgment and remand the case for further proceedings.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.