

# NUMBER 13-18-00134-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE KEVIN M. BOLSTER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Contreras and Benavides
### Memorandum Opinion by Justice Contreras[1]

By petition for writ of mandamus, Kevin M. Bolster contends that the trial court abused its discretion by (1) granting a motion for new trial after its plenary jurisdiction had expired; (2) continuing to preside over the original lawsuit; and (3) entering a void order. Relator has also filed an emergency motion to stay the underlying trial court proceedings. *See* TEX. R. APP. P. 52.10(b).  We deny relief.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy.  *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).  Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding).  The relator bears the burden of proving both of these requirements.  *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence.  *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).  We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments.  *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

Mandamus relief is also proper when the trial court issues a void order.  *See In re Nationwide Ins. Co.*, 494 S.W.3d at 712; *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *Walker*, 827 S.W.2d at 840.  When a trial court has entered a void order, the relator need not show that it lacks an adequate remedy by appeal, and mandamus relief is appropriate.  *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 60.  It is well-settled that mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order is void.  *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding*); In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re CAS Cos.*, 422 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2014, orig. proceeding).

2

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not shown himself entitled to the relief sought.  *See* TEX. R. CIV. P. 21(f)(6) ("If a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court.  If the missed deadline is one imposed by these rules, the filing party must be given a reasonable extension of time to complete the filing."); *Tex. Dep't of Aging & Disability Servs. v. Mersch*, 418 S.W.3d 736, 742 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("The electronic filing and service rules should not become a trap for the unwary when no harm is done."); *see also Aziz v. Waris*, No. 01-15-00175-CV, 2015 WL 5076295, at *3 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, no pet.) (per curiam mem. op.); *Ex parte Agostadero*, No. 14–13–00975–CR, 2014 WL 1622772, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 22, 2014, pet. ref d) (mem. op., not designated for publication).  Accordingly, we DENY the petition for writ of mandamus and the emergency motion to stay.  *See* TEX. R. APP. P. 52.8(a).

DORI CONTRERAS
JUSTICE

Delivered and filed this
8th day of March, 2018.