

# Fourth Court of Appeals
## San Antonio, Texas

April 5, 2018

No. 04-18-00123-CV

**ONE HUNDRED SEVENTY-ONE THOUSAND ONE HUNDRED** and 00/100
($171,100.00) in U.S. Currency and One (1) 2012 Volkswagon Jetta, VIN
#3VWDP7AJCM333910,
Appellants

v.

**THE STATE OF TEXAS**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 15-02-54230
Honorable Terry A. Canales, Judge Presiding

# O R D E R

Before the clerk's record was filed, Appellant Mirsha Contla filed a motion for extension of time to file her notice of appeal. Having reviewed the clerk's record and Appellant's motion, and for the reasons given below, we conclude Appellant's notice of appeal was timely filed, and her motion for extension of time to file a notice of appeal is MOOT.

The trial court signed a final judgment on November 30, 2017.

Appellant electronically filed her motion for new trial on December 20, 2017, and she simultaneously served a copy of her motion on the State by certified mail, return receipt requested.

The next day, the trial court clerk rejected the motion and set a five-day "deadline for [Appellant] to resubmit the document in a conforming format." *See* TEX. R. CIV. P. 21(f)(11) ("Non-Conforming Documents").

Appellant did not file a corrected motion for new trial until February 14, 2018. Two days later Appellant filed her notice of appeal.

Appellant's motion for new trial was due on January 2, 2018. *See* TEX. R. CIV. P. 329b(a). She filed it on December 20, 2017, and her motion was "deemed filed when [it was] transmitted to [Appellant's] electronic filing service provider." *See* TEX. R. CIV. P. 21(f)(5).

Despite its minor defect, Appellant's December 20, 2017 motion for new trial was timely filed, and it operated to extend the appellate timetable. *See id.*; *Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex. 2004) (stating that a motion for new trial that was filed without the requisite fee was nevertheless timely, though conditionally, filed and it operated to extend the appellate deadlines); *Tex. Dept. of Aging & Disability Servs. v. Mersch*, 418 S.W.3d 736, 742 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("[T]he Texas Supreme Court's overarching policy in approaching the unintentional errors of counsel is that cases should be decided on the merits rather than on a procedural default, when possible.").

Given her timely motion for new trial, Appellant's notice of appeal was due on February 28, 2018. *See* TEX. R. APP. P. 26.1(a)(1). She filed her notice of appeal on February 16, 2018. Appellant's notice of appeal was timely filed. *See id.* Appellant's motion for extension of time to file her notice of appeal is MOOT.

At present, the clerk's record[1] does not include a copy of Appellant's December 20, 2017 motion for new trial.

We ORDER the Jim Wells County District Clerk to file a corrected clerk's record or a supplemental clerk's record that contains a copy of Appellant's December 20, 2017 motion for new trial within FIFTEEN DAYS of the date of this order. *See* TEX. R. APP. P. 34.5(c)(1).

If the district clerk does not have a copy of Appellant's December 20, 2017 motion for new trial, the district clerk may obtain a copy from the parties. *See id.* R. 34.2. Because Appellant served a copy of the December 20, 2017 motion on the State, we expect the parties will be able to agree on the contents of the December 20, 2017 motion for new trial. *See id.*

Should a dispute arise over the motion's content, the district clerk or either party may move this court to abate this appeal and remand the cause to the trial court for it to "determine what constitutes an accurate copy of [Appellant's December 20, 2017 motion for new trial] and order [the motion] to be included in the clerk's record or a supplement." *See id.* R. 34.5(e).

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of April, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court

---

[1] After the Jim Wells County District Clerk filed a notice of late record, we ordered Appellant to show cause in writing that she had paid for the clerk's record. She filed a written response, and the clerk's record has been filed. Our March 16, 2018 order is satisfied.