**DENY; and Opinion Filed May 13, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00511-CV

### IN RE JACQUELINE SUE BARR, Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-22150**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Brown

In this original proceeding, relator complains that the trial court's April 2, 2019 "Reformed and Amended Final Order" is void because it was rendered outside the trial court's plenary period. Because we conclude the order is not void, we deny the petition for writ of mandamus.

Generally, mandamus relief lies when the trial court has abused its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus will also lie to correct a void order. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Orders entered outside a trial court's plenary power are void and are subject to mandamus relief. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding). A writ of mandamus is, thus, "appropriate to set aside an order for new trial that is granted after the court's plenary power expires. . . ." *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). Absent a timely-filed motion for new trial, or a motion to vacate, modify, correct or reform a judgment, the trial court loses its plenary power over

its judgment thirty days after the judgment is signed. TEX. R. CIV. P. 329b; *In re Lynd Co.*, 195 S.W.3d 682, 684 (Tex. 2006) (orig. proceeding); *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.).

The underlying proceeding involved the modification of a divorce decree in a suit affecting the parent-child relationship. The parties reached an agreement on the modifications, and the trial court signed a "Final Order in Suit to Modify Parent-Child Relationship" on January 17, 2019. The parties, however, disputed whether the form and substance of the January 17 final order conformed to their agreements. Real party in interest David Barr filed a "Motion for Partial New Trial and/or Motion to Reform the Judgment" on February 18, 2019. The trial court heard the motion for new trial on March 28, 2019, determined there was good cause to reform and amend the January 17 final order, and signed a "Reformed and Amended Final Order" on April 2, 2019.

The deadline to file a motion for new trial was thirty days after the January 17, 2019 final order was signed, which fell on Saturday, February 16, 2019 and rolled to Monday, February 18, 2019. TEX. R. CIV. P. 4, 329b(a). Barr electronically filed the motion for new trial on February 18, 2019, but the filing was rejected by the clerk's office because of an insufficient fee payment. The clerk's office returned the filing to Barr's counsel with instructions to resubmit with the proper filing fees by the close of business on February 21, 2019. Barr's counsel attempted to re-file the motion on February 19, 2019, but those attempts were rejected by the clerk's office due to incorrect or incomplete information. The clerk's office instructed counsel to resubmit a corrected version within two business days. The motion was ultimately file-stamped on February 19, 2019. Relator maintains that the motion for new trial was, therefore, filed a day late and filed after the trial court's plenary power expired on February 18, 2019. Relator further argues that, as a result, the "Reformed and Amended Final Order" signed on April 2, 2019 is void. We disagree.

"The Texas Supreme Court's overarching policy in approaching the unintentional errors of counsel is that cases should be decided on the merits rather than on a procedural default, when possible." *Texas Dep't of Aging & Disability Servs. v. Mersch*, 418 S.W.3d 736, 742 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Marino v. King*, 355 S.W.3d 629, 634 (Tex. 2011) ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults.")). "The electronic filing and service rules should not become a trap for the unwary when no harm is done." *Mersch*, 418 S.W.3d at 742. The rules of civil procedure "provide a mechanism to promote the resolution of cases on their merits rather than procedural defaults resulting from clerical or technical mistakes." *See Krajca v. Caum*, No. 01-16-00057-CV, 2017 WL 2471102, at *3 (Tex. App.—Houston [1st Dist.] June 8, 2017, pet. denied) (applying TEX. R. CIV. P. 21(f)(6), which requires a party be given an extension of time to "complete" an electronic filing if the document is "untimely due to a technical failure or system outage"). For example, under rule 21(f)(11), a clerk may reject a filing that does not conform to Rule 21 if the clerk identifies "the error to be corrected and state[s] a deadline for the party to resubmit the document in conforming format." TEX. R. CIV. P. 21(f)(11).

Here, as contemplated by rule 21(f)(11), the clerk's office rejected Barr's timely-filed motion for new trial, first for insufficient fees and then for non-conformance, and provided a deadline for Barr to resubmit conforming documents. Barr paid the required filing fees and filed a conforming motion within the time ordered by the clerk's office. Regardless of the clerk's file-stamp, the motion was timely-filed within the trial court's plenary period when it was first transmitted to Barr's electronic filing service provider on February 18, 2019. *See* TEX. R. CIV. P. 21(f)(5) ("An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider. . ."); *see also Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) ("an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or

not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing.") (internal citations omitted); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (motion for new trial was conditionally filed when party tendered it to the clerk, that date controlled for appellate purposes, and the filing was completed when the party paid the filing fee); *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex. 1990) (motion for new trial deemed filed even though petition was not file-stamped until after the deadline due to delay caused by courthouse employee). To hold otherwise would allow a court clerk's decision to reject a filing, without more, to cause a party to lose its right to seek post-judgment and appellate relief. That is not the law in Texas. *See, e.g., Warner*, 135 S.W.3d at 684 ("Once a party has satisfied his duty to put a legal instrument in the custody and the control of the court clerk, he should not be penalized for errors made by the court clerk").

Here, the motion for new trial was timely filed. As a result, the trial court did not abuse its discretion by considering and ruling on that motion, and the April 2, 2019 "Reformed and Amended Final Order" is not void. *See, e.g., In re Bolster*, No. 13-18-00134-CV, 2018 WL 1192716, at *1 (Tex. App.—Corpus Christi Mar. 8, 2018, orig. proceeding) (mem. op.) (denying mandamus relief from order granting motion for new trial that was filed late due to technical failure).

Relator has not established a right to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

<br>

/Ada Brown/
_____
ADA BROWN
JUSTICE

190511F.P05

–4–