

NUMBER 13-19-00143-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**POPPINGFUN, INC.,**                                                 **Appellant,**

**v.**

**INTEGRACION DE MARCAS, S.A. DE C.V.,**                         **Appellee.**

---

### On appeal from the 131st District Court
### of Bexar County, Texas.

---

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Order Per Curiam**

This cause is before the Court on appellant Poppingfun Inc.'s "Request for Jurisdictional Briefing."[1]   The motion is opposed by appellee Integracion De Marcas, S.A.

---

[1] The appeal was transferred to this Court from the Fourth Court of Appeals by order of the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 22.220(a) (delineating the jurisdiction of appellate courts); *id.* § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

de C.V.   Appellant's motion and appellee's response, and supplemental briefing from both parties, concern the timeliness of appellant's motion to reconsider the trial court's final judgment and the resolution of appellant's motion to deem the motion to reconsider as timely filed.   The gravamen of the issue before the Court concerns whether technical e-filing problems caused the late filing of appellant's motion to reconsider.

On December 5, 2018, the trial court signed an order granting summary judgment in favor of appellee.   On January 7, 2019, appellant filed a motion to reconsider the summary judgment and a motion to deem its motion to reconsider timely filed "due to technical difficulties with the Texas efile website, which prevented the undersigned from filing the motion for reconsideration on January 4, 2019."   *See* TEX. R. CIV. P. 329b(a). The trial court denied appellant's motion for reconsideration of the summary judgment, however, the clerk's record does not indicate that the trial court ruled on appellant's motion to deem the motion for reconsideration as timely filed.   Appellant thus requests that we allow jurisdictional briefing or "for an appropriate resolution to this issue to preserve appellate review," and appellee, in contrast, contends that we lack jurisdiction over the appeal based on the untimeliness of the appellant's motion to reconsider.   *See* TEX. R. APP. P. 26.1.

"The Texas Supreme Court's overarching policy in approaching the unintentional errors of counsel is that cases should be decided on the merits rather than on a procedural default, when possible."   *Tex. Dep't of Aging & Disability Servs. v. Mersch*, 418 S.W.3d 736, 742 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Marino v. King*, 355 S.W.3d 629, 634 (Tex. 2011) ("Constitutional imperatives favor the determination of cases on

their merits rather than on harmless procedural defaults.")). "The electronic filing and service rules should not become a trap for the unwary when no harm is done." *Mersch*, 418 S.W.3d at 742. Both the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure contain provisions authorizing a party to seek appropriate relief from the court if an electronically-filed document is untimely due to a technical failure or a system outage. *See* TEX. R. CIV. P. 21(f)(6)4; TEX. R. APP. P. 9.2(c)(5). If the missed deadline is one imposed by the rules of civil procedure, "the filing party must be given a reasonable extension of time to complete the filing." TEX. R. CIV. P. 21.(f)(6). CF. TEX. R. APP. P. 9.2(c)(5) ("If a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court.").

Given the foregoing, we abate and remand this appeal. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing pursuant to the foregoing rules. The trial court shall prepare and file its findings and order and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order. If the trial court requires more time to comply with the directions of this Court, it should request an extension prior to the expiration of this deadline.

PER CURIAM

Delivered and filed the
8th day of July, 2019.

3