

**NUMBER 13-19-00143-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

POPPINGFUN, INC.,                                                                           Appellant,

v.

INTEGRACION DE MARCAS, S.A. DE C.V.,                                      Appellee.

---

**On appeal from the 131st District Court
of Bexar County, Texas.**

---

# ORDER

**Before Chief Justice Contreras and Justices Benavides and Longoria
Order Per Curiam**

This cause is before the Court after abatement and remand regarding the timeliness of this appeal. The gravamen of the issue before the Court concerns whether technical e-filing problems caused the late filing of appellant's motion to reconsider. Having received the trial court's order on remand, supplemental records, and letter briefs from the parties, we reinstate this appeal.

# I. BACKGROUND

On December 5, 2018, the trial court signed an order granting summary judgment in favor of appellee. On January 7, 2019, appellant filed a verified motion to reconsider the summary judgment and a motion to deem its motion to reconsider timely filed "due to technical difficulties with the Texas efile website, which prevented the undersigned from filing the motion for reconsideration on January 4, 2019." *See* TEX. R. CIV. P. 329b(a). Appellant's verified motion stated, in relevant part:

1.  On the evening of January 4, 2019, the undersigned attempted numerous times to file its motion for reconsideration with Texas efile, which repeatedly failed to allow POPPINGFUN to file the motion into the existing case, cause no. 2018CI18028.

. . . .

3.  The undersigned followed the instructions as given on the website for filing, i.e., all parties were re-entered, including Plaintiff, as directed, but the website would not allow the undersigned to proceed to the filing stage of the procedure.

4.  The undersigned attempted to confirm the parties in order to file, but the website kept discarding POPPINGFUN as a party Defendant, and instead kept recording it as a party Plaintiff, and still would not allow the undersigned to file the motion.

5.  The undersigned spent approximately 40 minutes attempting to file its motion to reconsider in the existing case before contacting a private vendor (My File Runner) to ask its assistance with filing the motion. The representative replied that if the undersigned was not allowed to perform this function, they would not be able to do it either, commenting that certain courts were not enabled to file post-judgment motions electronically, despite the directive to file court papers electronically.

6.  The Texas Efile website recommended filing the post-judgment motion as a new case if a court was not set up to accept post-judgment motions in an existing but disposed of case.

7.    After trying a few more times to file the motion into the existing case, the undersigned finally filed the motion as a new matter, at approximately 8:53 PM, January 4, 2019, approximately one hour after first logging on to file the motion.

8.    On Monday, January 7, 2019, the undersigned received notice from the clerk of court that the filing had been rejected as it was filed as a new case.

9.    Having no way to correct the envelope to allow the motion to remain as submitted on January 4, 2019, the undersigned requested a detailed report from Texas Efile of the various attempts to electronically file the motion, the attempts to re-enter the parties as directed, and for a showing not only of the lengthy amount of time the undersigned tried unsuccessfully to file the motion into the existing case under the correct event, but also the end result that POPPINGFUN still came out designated as a Plaintiff, along with two other non-named Plaintiffs along with Integraci6n de Marcos, S.A. de C.V., and no Defendant in the matter.

10.   The undersigned contacted the District Clerk of Bexar County, who was unable to assist, as the Texas Efile website is maintained and administered by private vendor Tyler Technologies.

11.   The undersigned was later contacted by Texas Efile, which advised that it could not generate a report showing a party's attempts to efile, how long it had been logged on, or the activities conducted by a party in attempting to efile.

12.   After speaking with the clerk of court several times on Monday morning, the undersigned was able to file the motion.

WHEREFORE, POPPINGFUN, INC. respectfully requests this Court enter its order deeming POPPINGFUN's motion for reconsideration as timely filed, allowing the motion to be considered on its merits, and for such other relief deemed necessary or just.

The trial court denied appellant's motion for reconsideration of the summary judgment, however, the clerk's record did not indicate that the trial court ruled on appellant's motion to deem the motion for reconsideration as timely filed. Appellant thus requested that we allow jurisdictional briefing or "for an appropriate resolution to this issue

3

to preserve appellate review," and appellee, in contrast, contended that we lack jurisdiction over the appeal based on the untimeliness of the appellant's motion to reconsider. *See* TEX. R. APP. P. 26.1.

We abated and remanded this case for further proceedings regarding whether the motion to reconsider was timely filed. The trial court held a hearing on remand on July 31, 2019. At the hearing, the parties and trial court discussed the foregoing issues. Counsel for appellee argued that the trial court implicitly denied appellant's motion to deem the motion for reconsideration as timely filed when it denied appellant's motion for reconsideration itself. Counsel for appellee also argued that the appellate rules pertaining to extensions of time regarding efiling do not apply to errors made by counsel in attempting to efile documents. In response, counsel for appellant detailed the efforts made to timely file the motion for reconsideration and noted that appellant had filed a verified motion detailing the specific efforts made to timely efile the motion for reconsideration.

On August 5, 2019, the trial court denied appellant's motion to deem its motion to reconsider as timely filed. On September 13, 2019, the trial court entered the following findings of fact and conclusions of law:

FINDINGS OF FACT:

1. On December 5, 2018, the Court entered Final Summary Judgment ("Judgment") in this case in favor of Plaintiff Integracion de Marcas, S.A. de C.V. ("Plaintiff") after a full hearing on the matter in which both parties were represented by counsel.

2. On January 9, 2019, Defendant PoppingFun, Inc. ("Defendant") filed its Verified Motion to Deem as Timely Filed, Its Motion to Reconsider,

4

Alter, Amend or Otherwise Grant Relief from Judgment ("Motion to Deem").

3.      The Motion to Deem subsequently was set for hearing but not ruled on by the Court because Defendant's counsel failed to appear at the scheduled hearing.

4.      On July 8, 2019, in PoppingFun, Inc. v. Integracion de Marcas, S.A. de C.V., No. 13-19-00143-CV, the Thirteenth Court of Appeals issued an Order of Abatement directing this Court to conduct a hearing on the Motion to Deem and to prepare and file findings and an order thereon.

5.      This Court heard the Motion to Deem on July 31, 2019.

6.      Under Texas Rule of Civil Procedure 329b(a), the deadline for Defendant to file a motion for new trial or to modify, correct or reform the Judgment was "within thirty days" after the Judgment was signed.

7.      January 4, 2019 was the thirtieth day after the Judgment was signed and, therefore, was Defendant's deadline to move for a new trial or to modify, correct or reform the Judgment.

8.      Defendant did not file its motion for new trial, namely the Motion for Relief from Judgment and for Reconsideration of the Order Granting Summary Judgment in Plaintiff's Favor ("Motion for Relief from Judgment"), until January 7, 2019.

9.      At the hearing on the Motion to Deem, Defendant failed to provide the Court any proof of a system outage or technical failure affecting the filing system on January 4, 2019.

CONCLUSIONS OF LAW:

1.      Defendant did not meet the legal requirement set forth in Texas Rule of Civil Procedure 21(f)(6) and Texas Rule of Appellate Procedure 9(c)(5) to show that the untimely filing of the Motion for Relief from Judgment was due to "a technical failure or a system outage."

2.      Defendant's failure to meet the January 4, 2019 deadline was not due to a technical failure or system outage.

5

3. In accordance with Texas Rule of Civil Procedure 329b, the Court's plenary power to grant a new trial or to modify, correct or reform the Judgment expired at 11:59 p.m. on January 4, 2019.

Pursuant to our order of abatement, appellant and appellee subsequently filed letter briefs pertaining to the trial court's ruling and the timeliness of the motion to reconsider. Appellant reiterated the arguments previously made in its motion to deem the motion for reconsideration timely filed and discussed case law pertaining to efiling errors. In contrast, appellee argued that the trial court's order denying appellant's request is supported by the record and there are several reasons why this Court should conclude it lacks jurisdiction over the appeal. Appellee contends that appellant failed to preserve error by failing to obtain a ruling on the motion to deem prior to initiating the appeal; that appellant has failed to satisfy the requirements of the appellate rules because there was no technical failure or system outage because the late filing was due to attorney negligence or mistake which is not excused by the appellate rules; and appellee has suffered severe prejudice as a result of appellant's actions because appellant has resisted efforts to collect on the judgment at issue.

## II. APPLICABLE LAW AND ANALYSIS

"The Texas Supreme Court's overarching policy in approaching the unintentional errors of counsel is that cases should be decided on the merits rather than on a procedural default, when possible." *Tex. Dep't of Aging & Disability Servs. v. Mersch*, 418 S.W.3d 736, 742 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Marino v. King*, 355 S.W.3d 629, 634 (Tex. 2011) ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults.")). "The electronic filing and

6

service rules should not become a trap for the unwary when no harm is done." *Mersch*, 418 S.W.3d at 742. Both the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure contain provisions authorizing a party to seek appropriate relief from the court if an electronically-filed document is untimely due to a technical failure or a system outage. *See* TEX. R. CIV. P. 21(f)(6)4; TEX. R. APP. P. 9.2(c)(5); *see also Krajca v. Caum*, No. 01-16-00057-CV, 2017 WL 2471102, at *3 (Tex. App.—Houston [1st Dist.] June 8, 2017, pet. denied). If the missed deadline is one imposed by the rules of civil procedure, "the filing party must be given a reasonable extension of time to complete the filing." TEX. R. CIV. P. 21(f)(6); *see also* TEX. R. APP. P. 9.2(c)(5) (If a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court.").

Given the foregoing, we conclude that the trial court erred in refusing to deem the motion for reconsideration timely filed. By verified motion, counsel for appellant provided detailed factual allegations establishing that there were technical difficulties in timely filling the motion for reconsideration. Because cases should be decided on the merits rather than technical default, we conclude that these allegations suffice to establish that the appellant's motion for reconsideration was untimely "due to a technical failure" as contemplated by the rules. *See* TEX. R. CIV. P. 21(f)(6); TEX. R. APP. P. 9.2(c)(5); *Mersch*, 418 S.W.3d at 742. Thus, the trial court erred in refusing to grant a reasonable extension of time, until January 7, 2019, to file the motion for reconsideration. Accordingly, we hold that this appeal was timely filed, and briefing shall proceed on the merits in accordance with the appellate rules. Pending motions, if any, are dismissed as moot.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
18th day of October, 2019.